UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

WISCONSIN ELECTRIC POWER COMPANY,

    Plaintiff,

    v.                                    Case No. 06-C-0515

UNION PACIFIC RAILROAD COMPANY,

    Defendant.

### STIPULATED PROTECTIVE ORDER

On the joint motion of plaintiff Wisconsin Electric Power Company ("WEPCO") and defendant Union Pacific Railroad Company ("UP") (hereinafter sometimes referred to individually as a "party" or collectively as "parties"), and for the purpose of protecting against improper use or disclosure of confidential, proprietary, trade secret or commercially sensitive business information and data provided during discovery or submitted to the Court in connection with pretrial proceedings:

IT IS ORDERED THAT:

    1.    Any information of any type, kind or character that WEPCO, UP or other person (including non-parties) considers to be confidential, commercially or competitively sensitive, or a trade secret and which a party or other person produces or discloses in this action in accordance with the terms and conditions of this Stipulated Protective Order will be marked either "Confidential Document Subject to Protective Order" or "Highly Confidential Document Subject to Protective Order." All such material shall be referred to herein as "Confidential Material" or "Highly Confidential Material," respectively. Nothing in this Protective Order shall

prevent a party from seeking an Order to exempt any material designated as Confidential Material or Highly Confidential Material from the requirements of this Protective Order or from seeking other protection from disclosure.

2. The parties agree that Confidential Material shall include any documents, data, or other information or material, which disclose, directly or upon reasonable investigation, a party's confidential or commercially sensitive information not in the public domain including; but not limited to, trade secrets, internal financial, technical, research, development or operational information or the terms of transportation contracts. Disclosure of Confidential Material will be restricted as set forth in Paragraph 15.

3. The parties agree that Highly Confidential Material shall include Confidential Material including, but not limited, to the confidential business Arrangements of a party with the other party's competitors or customers, the disclosure of which to employees or agents of the other party, even subject to the restrictions of this Order governing the use and dissemination of Confidential Material, could reasonably threaten significant economic or competitive harm to the producing party or to any third party as to whom the document, information or data disclosed is highly confidential, proprietary, trade secret or commercially sensitive. Disclosure of Highly Confidential Material will be restricted as set forth in Paragraph 16.

4. If at any time a party objects to a designation of information as "Confidential" or "Highly Confidential" under this Order, the objecting party shall notify the designating party in writing. The objecting party shall identify the information in question, and shall specify in reasonable detail the reason or reasons for the objection. Within ten (10)

2

calendar days of the receipt of such notice, the designating party and objecting party shall meet and confer in an effort to resolve their differences. Within fifteen (15) calendar days of the receipt of such notice, the objecting party may apply for a ruling on the continued designation of the information as "Confidential" or "Highly Confidential." The information shall be maintained as "Confidential" or "Highly Confidential" until the Court rules otherwise; provided; however, that if no application is submitted within the fifteen (15) day period, the designated information shall continue to be deemed "Confidential" or "Highly Confidential" Material.

5. Each document, pleading, discovery response, or portion thereof designated as Confidential or Highly Confidential shall be clearly stamped on each page with "Confidential Document Subject to Protective Order" or "Highly Confidential Document Subject to Protective Order" by the producing party or other person prior to the delivery of such information to the other party or the Court; however, in the event that a party or other person produces material which should have been designated as Confidential or Highly Confidential and inadvertently fails to stamp the material as Confidential or Highly Confidential, the producing party or other person may notify the other party in writing within ten (10) days of discovery of its inadvertent failure to make the confidentiality designation. The party who received the material without the confidentiality designation will return the portion which should have been designated to the producing party or other person, destroys it, or takes such other steps as the parties agree to in writing.

6. In the event that a party inadvertently produces information that is protected by the attorney-client privilege, work product doctrine or any other privilege, within a reasonable time after the producing party discovers the inadvertent disclosure the producing party may make a written request to the other party to return the inadvertently produced

3

privileged document. The party who received the inadvertently produced document will either return the document to the producing party or destroy the document immediately upon receipt of the written request. By returning or destroying the document, the receiving party is not conceding that the document is privileged and is not waiving its right to later challenge the substantive privilege claim; except that it may not challenge the privilege claim by arguing that the inadvertent production waived the privilege.

7. Any deposition testimony concerning Confidential Material or Highly Confidential Material, or concerning the subject matter of such documents shall also be considered confidential and shall be protected from disclosure according to the terms of this Stipulated Protective Order as follows:

    a. In the event that any question is asked at a deposition with respect to which a party asserts, on the record, that the answer requires the disclosure of Confidential Material, such question shall nonetheless be answered by the witness fully and completely. Prior to answering, however, all persons present who are not otherwise bound by this Order shall be advised of and asked to evidence their agreement to the terms and conditions of this Order on the record, subject to Paragraph 15 hereof. If any such person, other than the witness, declines to do so, he or she shall leave the room during the time in which the Confidential Material is disclosed or discussed. In the case of Highly Confidential Material, at the request of the designating party, all persons, other than the witness, who are not allowed to obtain such information pursuant to Paragraph 16 hereof, shall leave the room during the time in which Highly Confidential Material is disclosed or discussed.

    b. Counsel for the party or other person desiring to protect deposition

4

testimony concerning Confidential Material will undertake to mark the covers of all transcripts of such testimony with the designation "Confidential - Contains Testimony Subject to Protective Order" and within fourteen (14) days of receipt of the final deposition transcript will provide counsel for the other party with a designation of the portions of the transcript that are Confidential.

      c.    If any portion of the deposition testimony concerns Highly Confidential Material, counsel for the party or other person desiring to protect such testimony will undertake to mark the covers of all transcripts "Highly Confidential Contains Testimony Subject to Protective Order" and, within fourteen (14) days of receipt of the final deposition transcript, provide counsel for the other party with a designation of the portions of the transcript that are Highly Confidential.

      d.    In order to facilitate such designations, unless otherwise agreed to in writing by the designating party, all deposition transcripts shall be treated as Confidential Material until fourteen (14) days after receipt of the final deposition transcript.

      8.    If at a trial, hearing or motion argued before the Court, a party believes that either Confidential or Highly Confidential Material will be revealed during the proceeding, that party shall so notify the Court. The Court, in its discretion, may provide any necessary instruction and order the room to be cleared of all persons present who are not otherwise bound by this Order, not including the witness and Court personnel necessary for the administration of the proceeding.

      9.    Any Confidential Material or Highly Confidential Material which a party or other person produces under the terms of this Stipulated Protective Order is provided and shall

be used solely for purposes of this action, including any appeals or related alternative dispute resolution (hereinafter collectively described as "Action"), and not for any other purpose whatsoever.

10. Any Confidential Material and Highly Confidential Material, any copies of this Confidential or Highly Confidential Material ("Copies"), and all notes and other documents setting forth or revealing Confidential or Highly Confidential Material which are developed by any individual having access to such Confidential or Highly Confidential Material ("Notes"), shall be used solely for the purposes of this Action, and, except as provided in Paragraphs 15 and 16, or in accordance with Paragraph 17, shall not be used or disclosed in any way to any other person for any other purpose, whether commercial, competitive or otherwise.

11. The Confidential Material, Highly Confidential Material, Copies and Notes described in Paragraph 10 above, shall not be disclosed in any way to any person not authorized under Paragraph 15 or 16 to receive access to such Confidential Material or Highly Confidential Material, or disclosed in accordance with Paragraph 17 of this Stipulated Protective Order, without the prior written consent of the party or other person producing the documents, or an Order of the Court.

12. Upon termination of the Action, all Confidential and Highly Confidential Material shall be destroyed or returned by a party's counsel to the producing party or other designated person not later than 120 (one hundred twenty) days after the termination of this Action. Within the same time period, all Copies and Notes shall be destroyed by those persons who signed one or both of the attached Undertakings; however, notwithstanding this provision, outside counsel for the parties will be permitted to retain one set of the pleadings, trial exhibits,

deposition transcripts, and expert reports in this matter, including any attachments for these specified materials. If outside counsel elect to retain these materials, outside counsel acknowledges that these materials remain subject to the provisions of this Stipulated Protective Order.

13. Upon the termination of the Action, any "Confidential Material" or "Highly Confidential Material" that has been filed with the Court under seal may be withdrawn by counsel for the producing party; and the Clerk is authorized to deliver said "Confidential Material" or "Highly Confidential Material" to counsel for the producing party.

14. All materials designated as Confidential or Highly Confidential that are filed with the Court, and any pleading, motion, or other paper filed with the Court containing or disclosing such information, shall be filed and kept under seal until further order of the Court; provided, however, that such information shall be available to the Court and other persons to whom Confidential and Highly Confidential Material may be disclosed in accordance with Paragraphs 15 and 16 of this Order, respectively.

15. Access to a party or other person's Confidential Material, Copies and Notes (hereafter collectively referred to as "Confidential Materials") shall be provided only to the other party's counsel of record in this Action and to those individuals working with or assisting such counsel who have a need to know, review or handle the Confidential Materials for purposes of this Action, including testifying and consulting experts, and to the officers and employees of a party who have responsibility for this litigation or regulatory matters, who are assisting or involved in the preparation or supervision of this litigation, or who are being deposed or are expected to testify in this Action, provided all such persons have signed the attached

7

Undertaking for Confidential Material accompanying this Stipulated Protective Order. Signed copies of the Undertaking shall be obtained by counsel prior to allowing access to the Confidential Materials by the individual named in each Undertaking. At the termination of the Action and upon written request to do so, a list of persons executing the Undertaking shall be furnished to counsel for the other party.

16. Access to a party or other person's Highly Confidential Material, Copies and Notes (hereafter collectively referred to as "Highly Confidential Materials") shall be provided only to the party's outside counsel of record in this Action, to those individuals working with or assisting such counsel who are not employed by the party and have a need to know, review or handle the Highly Confidential Materials for purposes of the Action, including testifying and consulting experts, and to certain in-house counsel specified below, provided all such persons have signed the attached Undertaking for Highly Confidential Material accompanying this Stipulated Protective Order.

b. The following in-house counsel may be provided access to Highly Confidential Materials produced by another party: (i) Timothy J. Saviano, in-house counsel for WEPCO, may have access to Highly Confidential Materials produced by UP, except that such WEPCO in-house counsel will not have access to Highly Confidential Materials that reveal proposed, considered or actual terms and conditions (other than cycle times) of any contract with a shipper other than WEPCO, in the event such information must be produced; and (ii) Louise A. Rinn and Gabriel S. Meyer, in-house counsel for UP, may have access to Highly Confidential Materials produced by WEPCO except those relating to rail transportation contracts as to which UP is not a party.

8

c. Except for the in-house counsel specified above, officers and employees of the party who did not produce the Highly Confidential Material shall not have access to Highly Confidential Materials. Signed copies of the Undertaking shall be obtained by counsel prior to allowing access to the Highly Confidential Materials by the individual named in each Undertaking. At the termination of the Action and upon written request to do so, a list of persons executing the Undertaking shall be furnished to counsel for the other party.

17. Except for this Action, the parties agree that if a party is required by law or order of governmental or judicial body to release Confidential Material or Highly Confidential Material or Copies or Notes thereof produced by the other party or other person as to which it obtained access pursuant to this Stipulated Protective Order, the party so required shall notify the producing party or other person in writing within three (3) working days of receipt of actual notice or within three (3) working days of the determination that the Confidential Material, Highly Confidential Material or Copies or Notes are to be released or within three (3) working days prior to such release, whichever is sooner, to permit the producing party or other person to contest the release.

18. This Stipulated Protective Order shall not be construed to restrict access to any document, data, or other information or materials which is obtainable from sources other than from the producing party or other person, or which is otherwise in the public domain.

19. This Stipulated Protective Order shall not be construed to waive, alter or modify any party's substantive rights under applicable law to object to the production or admissibility of documents or information sought in discovery (whether on grounds of relevance or otherwise); however, an objection to production based solely upon the confidential,

proprietary, trade secret or commercially sensitive nature of the information requested in discovery (other than an objection on grounds of attorney-client privilege, work product doctrine, or any other privilege) is waived hereby except as reserved in Paragraph 20 below.

20. Confidential or Highly Confidential designation may be changed or removed by agreement of the parties, or, absent such agreement, by appropriate Court Order upon application of a party seeking to remove such designation where there is a failure by the party seeking to preserve confidentiality to demonstrate that the Material is properly deemed Confidential or Highly Confidential as defined herein. Notwithstanding the foregoing, each party reserves the right to negotiate with the other party or to seek from the Court additional protection with regard to disclosure of Confidential or Highly Confidential Material. The party seeking any additional protection from the Court shall have the burden of establishing that it is entitled to such additional protection.

21. The obligations of confidentiality set forth in this Stipulated Protective Order shall continue in effect after the termination of the Action, including exhaustion of all appeals, and the rights and obligations hereunder shall be binding upon each party, its successors and assigns.

22. Notifications to the parties pursuant to this Stipulated Protective Order shall be made by verbal notice or written notice to:

    Notices to Wisconsin Electric Power Company

        Matthew W. O'Neill
        Shannon A. Allen
        Friebert, Finerty & St. John S.C.
        Two Plaza East – Suite 1250
        330 East Kilbourn Avenue
        Milwaukee, WI 53202

        Christopher A. Mills
        Frank J. Pergolizzi
        Slover & Loftus
        1224 Seventeenth Street N.W.
        Washington, DC 20036

    Notices to Union Pacific Railroad Company

        Brian D. Baird
        Borgelt Powell Patterson & Frauen
        735 North Water Street – 15th Floor
        Milwaukee, WI 53202

        James M. Yeretsky
        Gregory F. Maher
        Craig M. Leff
        Yeretsky & Maher
        Southcreek Office Park
        7200 West 132nd Street – Suite 330
        Overland Park, KS 66213

    23.     Disclosure of documents or information under this Stipulated Protective Order shall not be construed to affect, alter, waive or modify any party's substantive rights under applicable law to prove that any Confidential Material or Highly Confidential Material is or is not, in fact, a trade secret or competitively sensitive material and/or to argue the legal consequences of such status.

Dated this 26 day of October, 2006.

                                          _____
                                          United States District Judge

Accepted:

WISCONSIN ELECTRIC POWER COMPANY


By:     /s/ Shannon A. Allen
         Matthew W. O'Neill (Bar No. 1019269)
         Shannon A. Allen (Bar No. 1024558)
         FRIEBERT, FINERTY & St. John, S.C.
         Two Plaza East – Suite 1250
         330 East Kilbourn Avenue
         Milwaukee, WI 53202
         Tel: (414) 271-0130
         Fax: (414) 271-0130
         E-mail: mwo@ffsj.com
         E-mail: saa@ffsj.com

         Christopher A. Mills
         Frank J. Pergolizzi
         SLOVER & LOFTUS
         1224 Seventeenth Street, N.W.
         Washington, D.C. 20036
         Tel: (202) 347-7170
         Fax: (202) 347-3619
         E-mail: cam@sloverandloftus.com
         E-mail: fjp@sloverandloftus.com

Attorneys for Plaintiff Wisconsin Electric Power Company

Dated: October 30, 2006

Accepted:

    UNION PACIFIC RAILROAD COMPANY

By:    /s/ Brian D. Baird
        Brian D. Baird (Bar No. 1016157)
        BORGELT POWELL PATTERSON & FRAUEN
        735 North Water Street – 15th Floor
        Milwaukee, WI 53202
        Tel: (414) 276-3600
        Fax: (414) 276-0172
        E-mail: bbaird@borgelt.com


        James M. Yeretsky
        Gregory F. Maher
        Craig M. Leff
        YERETSKY & MAHER
        Southcreek Office Park
        7200 West 132nd Street – Suite 330
        Overland Park, KS 66213
        Tel: (913) 897-5813
        Fax: (9130 897-6468
        E-mail: jyeretsky@ymllc.com

Attorneys for Defendant Union Pacific Railroad Company

Dated: October 30, 2006.

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

WISCONSIN ELECTRIC POWER COMPANY,

    Plaintiff,

    v.                                            Case No. 06-C-0515

UNION PACIFIC RAILROAD COMPANY,

    Defendant.

## UNDERTAKING
## CONFIDENTIAL MATERIAL

        I, _____, have read the Protective Order issued _____, 2006 in the captioned proceeding, governing the production of confidential documents in the captioned proceeding, understand the same, and agree to be bound by its terms. I agree not to use or permit the use of any confidential data or information obtained pursuant to this Undertaking, or to use or permit the use of any information learned as a result of receiving such data or information, for any purposes other than the preparation and presentation of evidence and argument in the captioned proceeding and any appeals therefrom. I further agree not to disclose any confidential data or information obtained under this Protective Order to any person who is not also bound by the terms of the Order and has not executed an Undertaking in the form hereof. At the conclusion of this proceeding and any appeals therefrom, I will promptly destroy any copies of such designated documents obtained or made by me or by any outside counsel or outside consultants working with me, provided, however, that outside counsel (but not outside consultants) may retain file copies of its work product and of pleadings and evidence filed with the Court, and in-house counsel may retain file copies of all pleadings and evidence containing confidential material it received during the course of this proceeding. I further understand that a party may retain its own confidential material.

        I understand and agree that money damages would not be a sufficient remedy for breach of this Undertaking and that a party which asserts the confidential interest shall be entitled to specific performance and injunctive or other equitable relief as a remedy for any such breach. I further agree to waive any requirement for the securing or posting of any bond in connection with such remedy. Such remedy shall not be deemed to be the exclusive remedy for breach of this Undertaking but shall be in addition to all remedies available at law or equity.

                                    _____

                                    Dated: _____

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

WISCONSIN ELECTRIC POWER COMPANY,

    Plaintiff,

    v.                                              Case No. 06-C-0515

UNION PACIFIC RAILROAD COMPANY,

    Defendant.

## UNDERTAKING
## HIGHLY CONFIDENTIAL MATERIAL

        As outside [counsel] [consultant] for _____, for which I am acting in this proceeding, I have read the Protective Order issued _____, 2006 in the captioned proceeding, governing the production of confidential documents in the captioned proceeding, understand the same, and agree to be bound by its terms. I also understand and agree, as a condition precedent to my receiving, reviewing, or using copies of any documents designated "HIGHLY CONFIDENTIAL," that I will limit my use of those documents and the information they contain to the preparation and presentation of evidence and argument in the captioned proceeding and any appeals therefrom, that I will take all necessary steps to ensure that said documents and information will be kept on a confidential basis by any outside counsel or outside consultants working with me, that under no circumstances will I permit access to said documents or information by personnel of my client, its subsidiaries, affiliates, or owners, except as otherwise provided in the Protective Order, and that at the conclusion of this proceeding and any appeals therefrom, I will promptly destroy any copies of such designated documents obtained or made by me or by any outside counsel or outside consultants working with me, provided, however, that outside counsel (but not outside consultants) may retain file copies of its work product and of any pleadings and evidence filed with the Court. I further understand that I must destroy all notes or other documents containing such highly confidential information received from the other party in compliance with the terms of the Protective Order. Under no circumstances will I permit access to documents designated "HIGHLY CONFIDENTIAL" by, or disclose any information contained therein to, any persons or entities for which I am not acting in this proceeding.

        I understand and agree that money damages would not be a sufficient remedy for breach of this Undertaking and that a party which asserts the highly confidential interest shall be entitled to specific performance and injunctive or other equitable relief as a remedy for any such breach. I further agree to waive any requirement for the securing or posting of any bond in

connection with such remedy. Such remedy shall not be deemed to be the exclusive remedy for breach of this Undertaking but shall be in addition to all remedies available at law or equity.

_____
OUTSIDE [COUNSEL][CONSULTANT]

Dated: _____

2