# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WISCONSIN ELECTRIC POWER COMPANY,**

        Plaintiff,

   -vs-                                      **Case No. 06-C-515**

**UNION PACIFIC RAILROAD COMPANY,**

        Defendant.

# DECISION AND ORDER

This matter comes before the Court on Wisconsin Electric Power Company's ("WEPCO") Rule 7.4 expedited non-dispositive motion to compel Union Pacific Railroad Company's ("Union Pacific") to disclose the compensation paid to two of its expert witnesses. The experts, Thomas Haley and Michael Lenzen, are both full-time Union Pacific employees. WEPCO cites Fed. R. Civ. P. 26(a)(2)(B)(vi), which provides that, unless otherwise directed by the court, the disclosure of the identity of an expert must be accompanied by a written report which includes, among other things, "the compensation to be paid for the study and testimony in the case." WEPCO argues that this information is relevant to demonstrate the bias of the witnesses.

In response, Union Pacific cites two cases that are on point, and the Court agrees with the reasoning in these cases. In *Porter ex rel. Porter v. Hamilton Beach/Proctor Silex, Inc.*, Case No. 01-2970-MAV, 2003 WL 22385679 at *2 (W.D. Tenn.), the court denied a motion to compel disclosure of expert witness compensation where the witness was a full-time,

salaried employee. In *Porter*, the undisputed fact of employment was deemed sufficient to demonstrate bias. *See also Haynes v. Shoney's, Inc.*, No. 89-30093-RV, 1991 WL 354933 at *5 (N.D. Fla.) ("fact of one's employment alone is sufficient to demonstrate bias"). The scope of the cross-examination of an expert witness is within the control and discretion of the district court, and WEPCO fails to demonstrate that the experts' opinions in this case are or will be influenced by the amount of money they make. *See Porter* at *2. The fact that both witnesses receive bonus compensation, which amount may or may not be influenced by the outcome of the instant litigation, is too speculative to require disclosure of personal information, especially where the fact of employment is equally sufficient to demonstrate bias.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** WEPCO's motion to compel [D. 55] is **DENIED**.

Dated at Milwaukee, Wisconsin, this 31st day of March, 2008.

**SO ORDERED,**

**s/ Rudolph T. Randa**
**HON. RUDOLPH T. RANDA**
**Chief Judge**