IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
SIXTH DIVISION

UNION PACIFIC RAILROAD COMPANY     PLAINTIFF

VS.     CASE NO. CV 2006-2711     FILED 03/10/08 15:07:57
Pat O'Brien Circuit County Clerk

ENTERGY ARKANSAS, INC, ET. AL.     DEFENDANTS

### ORDER CONCERNING ENTERGY'S AND THE INTERVENORS' MOTION TO EXCLUDE THE TESTIMONY OF THOMAS C. HALEY

On the 10th day of March 2008, came on for consideration Entergy's and the Intervenors' motion to exclude the testimony of Thomas C. Haley concerning the findings and conclusions contained in his Expert Report dated December 14, 2007. From the pleadings filed herein and all other things and matters properly before the court, the court doth find that such motion should be granted in part and denied in part. To the extent otherwise permitted by the Arkansas Rules of Evidence, Mr. Haley may testify as a lay witness to factual matters concerning Union Pacific and specifically to Union Pacific's actions before and after the train derailments on the Joint Line in May, 2005 as well as the factual matters concerning the subsequent Union Pacific declaration of a force majeure event. Mr. Haley may not testify to any legal conclusions concerning the declared May, 2005 force majeure event on the Joint Line.

IT IS ACCORDINGLY ORDERED AND DECREED.

_____
TIMOTHY DAVIS FOX
CIRCUIT JUDGE

3/10/08
DATE

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
SIXTH DIVISION

UNION PACIFIC RAILROAD COMPANY            PLAINTIFF

VS.         CASE NO. CV 2006-2711         FILED 03/10/08 15:08:31
                                                                             Pat O'Brien Circuit County Clerk

ENTERGY ARKANSAS, INC, ET. AL.            DEFENDANTS

### ORDER CONCERNING ENTERGY'S AND THE INTERVENORS' MOTION TO EXCLUDE THE TESTIMONY OF MICHAEL R. BARANOWSKI

On the 10th day of March 2008, came on for consideration Entergy's and the Intervenors' motion to exclude Michael R. Baranowski from testifying concerning the findings and conclusions contained in his Reply Expert Report dated December 14, 2007. From the pleadings filed herein and all other things and matters properly before the court, the court doth find that such motion should be granted in part and denied in part. To the extent otherwise permitted by the Arkansas Rules of Evidence, Mr. Baranowski may testify as follows concerning the matters contained in his Summary of Key Findings, contained on pages 2-5 of his Reply Expert Report:

> Paragraph No. 1 -- Witness may testify rebutting factual computations of Thomas Crowley concerning under-tonnage estimates. In providing such testimony, Witness's computations may assume existence or non-existence of force majeure event in May, 2005, and duration of such force majeure event, but Witness may not offer conclusions as to the actual existence or non-existence of force majeure event.
>
> Paragraph No. 2 -- Witness may not testify concerning applicability or inapplicability of liquidated damages provision of contract.
>
> Paragraph No. 3 -- Witness may testify concerning factual comparisons of dollar amount of damages sought versus dollar amount of liquidated damages.

Paragraph No. 4 -- Witness may not testify as to conclusions concerning burden of proof. Witness may testify to factual matters relevant to impeachment of damages calculations of opposing expert witnesses.

Paragraph No. 5 -- Witness may not testify as to conclusions concerning applicability of liquidated damages provision of contract or legality of damage claims of Intervenors. Witness may testify to factual calculations, computations, and other matters relevant to impeachment of damages calculations of opposing expert witnesses.

Paragraph No. 6 -- Witness may not testify as to conclusions concerning applicability of liquidated damages provision of contract. Witness may testify concerning factual comparisons of dollar amount of damages sought versus dollar amount of liquidated damages, if jury determines existence of breach of contract.

Paragraph No. 7 -- Witness may not testify as to conclusions concerning applicability of liquidated damages provision of contract, legality of damage claims of Intervenors, legal conclusions of the Arkansas Public Service Commission, or factual findings of the Arkansas Public Service Commission. Witness may testify to factual calculations, computations, and other matters relevant to impeachment of damages calculations of opposing expert witnesses.

IT IS ACCORDINGLY ORDERED AND DECREED.

_____
TIMOTHY DAVIS FOX
CIRCUIT JUDGE

3/10/08
DATE