IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | | |
|---|---|---|
| WISCONSIN ELECTRIC POWER COMPANY, | § § § § | |
| Plaintiff, | § | CIVIL ACTION NO.: 06-cv-00515-RTR |
| vs. | § § | |
| UNION PACIFIC RAILROAD COMPANY, | § § | |
| Defendant. | § | |

## DEFENDANT'S RULE 7.4 EXPEDITED NON-DISPOSITIVE MOTION TO STRIKE PLAINTIFF'S REPLY PROPOSED FINDING OF FACT

Defendant Union Pacific Railroad Company ("UP"), pursuant to E.D. Wis. Civil Local Rule 7.4, moves the Court to strike plaintiff Wisconsin Electric Power Company's ("WEPCO") Reply Proposed Findings of Fact in Support of its Motion for Partial Summary Judgment. In support of this Motion, UP states as follows:

1. On April 4, 2008, WEPCO filed its Motion for Partial Summary Judgment accompanied by its Proposed Findings of Fact under Civil Local Rule 56.2.

2. On May 5, 2008, UP filed its Brief in Opposition to WEPCO's Motion. UP filed with this brief its Response to WEPCO's Proposed Findings of Fact. As required by Rule 56.2, UP responded to each of WEPCO's individual proposed findings of fact, either deeming them undisputed, or disputing them and citing relevant portions of the record. UP did not, however, exercise its option under Rule 56.2 to set forth additional proposed findings of fact.

3. On May 23, WEPCO filed with the Court a document entitled "Plaintiff Wisconsin Electric Power Company's Reply Proposed Findings of Fact in Support of its Motion for Partial Summary Judgment on Counts II and III of its First Amended Complaint."

4. In this Reply, WEPCO purported to reply to Union Pacific's Responses to WEPCO's Proposed Findings of Fact, arguing why, in WEPCO's view, its original Proposed Findings of Fact were undisputed.

5. Included in this discussion were additional factual assertions supported by references to the record that were not contained in WEPCO's original Proposed Findings of Fact. See, e.g., WEPCO Reply Proposed Findings of Fact, ¶¶ 30, 37, 38, 39, and 47. To support these new assertions, WEPCO attached to its Reply new materials that it had not attached to its original Proposed Findings of Fact.

6. In at least one instance, WEPCO uses its Reply to attempt to correct acknowledged deficiencies in its original Proposed Findings of Fact.

7. For example, with regard to Proposed Finding of Fact 47, WEPCO admitted that the referenced excerpt of James Halper's deposition did not support the factual assertion for which it was cited. WEPCO then attempted to remedy this deficiency by making a new factual assertion supported by entirely different portions of Mr. Halper's deposition, as well as excerpts from the deposition of Jeff Maier, which WEPCO had not earlier cited.

8. WEPCO's Reply[1] Proposed Finding of Fact is contrary to the Local Rules and should be stricken and disregarded.

9. As this Court held in <u>Viilo v. City of Milwaukee</u>, 2008 WL 410665, 2 (E.D. Wis. 2008), the local rules do not provide for replies such as WEPCO has filed here.

10. Civil L.R. 56.2 provides only for initial proposed findings of fact by the movant, specific responses to the initial proposed findings of fact plus additional proposed findings of

---

[1] UP acknowledges that UP filed its own Reply to WEPCO's Response to UP's Proposed Findings of Fact that UP used to support its own Motion for Summary Judgment. But unlike WEPCO's Reply, UP's Reply was limited to responding to the additional findings of fact that WEPCO set forth in its Response, as specifically authorized by Rule 56.2.

fact by the nonmovant, and a response *to the nonmovant's additional proposed findings* by the movant. Id.

11.     Because Union Pacific's Response to WEPCO's Proposed Finding of Fact did not set forth any additional proposed findings of fact, no further reply by WEPCO was permitted.

12.     For the same reasons the Court expressed in Viilo, WEPCO's Reply should be stricken, and the Court should disregard any additional factual references or materials set forth in or attached to WEPCO's Reply, Proposed Findings of Fact.

WHEREFORE, for the foregoing reasons, defendant Union Pacific Railroad Company respectfully requests that the Court strike WEPCO's Reply Proposed Findings of Fact and disregard any additional factual allegations or materials that WEPCO did not include in its original Proposed Findings of Fact.

Respectfully submitted,

**BORGELT, POWELL, PETERSON & FRAUEN, S.C.**
Brian D. Baird
State Bar Number:  1016157
Attorney For Defendant Union Pacific Railroad Company
735 North Water Street, Suite 1500
Milwaukee, Wisconsin  53202-4188
Phone:  (414) 276-3600
Fax:  (414) 276-0172
E-mail:  bbaird@borgelt.com


**YERETSKY & MAHER, L.L.C**

By:___/s/ Craig M. Leff_____
James M. Yeretsky
Gregory F. Maher
Craig M. Leff
Attorneys For Defendant Union Pacific Railroad Company
Southcreek Office Park
7200 West 132nd Street, Suite 330
Overland Park, Kansas 66213

Telephone: (913) 897-5813
Facsimile: (913) 897-6468

### CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2008, I electronically filed the above document with the Clerk of Court using the ECF system. The Clerk of Court will send notification of such filings to the following, Matthew W. O'Neill, mwo@ffsj.com, Shannon A. Allen, saa@ffsj.com, Christopher A. Mills, cam@sloverandloftus.com and Frank J. Pergolizzi, fjp@sloverandloftus.com.

                                                    ___/s/ Craig M. Leff_____
                                                    **Craig M. Leff**

S:\554\pldgs\dRAFTS\motion strike reply.doc

4
Case 2:06-cv-00515-RTR   Filed 06/09/08   Page 4 of 4   Document 119